**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-4454**

———————

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

    v.

JUAN CARLOS WILLIS,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, Senior District Judge. (8:12-cr-00623-PJM-2)

———————

Submitted: August 1, 2016        Decided: August 11, 2016

———————

Before DUNCAN, WYNN, and HARRIS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Brian K. McDaniel, MCDANIEL LAW GROUP, PLLC, Washington, D.C., for Appellant. Rod J. Rosenstein, United States Attorney, Sujit Raman, Chief of Appeals, Leslie Caldwell, Assistant Attorney General, Sung-Hee Sun, Deputy Assistant Attorney General, James I. Pearce, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Carlos Willis appeals his convictions for conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (2012), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (2012). On appeal, Willis alleges that the district court abused its discretion by denying his motion to withdraw his guilty plea, and alleges that the court's statements at the plea hearing amounted to improper participation in plea negotiations. We affirm.

We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. United States v. Nicholson, 676 F.3d 376, 383 (4th Cir. 2012). "A district court abuses its discretion when it acts in an arbitrary manner, when it fails to consider judicially-recognized factors limiting its discretion, or when it relies on erroneous factual or legal premises." Id. Although there is "no absolute right to withdraw a guilty plea," courts may permit it where "the defendant can show a fair and just reason for requesting the withdrawal." Id. at 383-84.

"The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted. Thus, . . . the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." Id. In determining whether a

2

defendant has established a fair and just reason for withdrawing the plea, courts should consider the six factors identified in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).

In reviewing the district court's denial of Willis' motion, we note that the court conducted a thorough and appropriate plea colloquy and confirmed multiple times that Willis was knowingly and voluntarily pleading guilty. Consequently, "there is a strong presumption that [Willis'] plea is valid and binding." Nicholson, 676 F.3d at 384. Moreover, the district court reliably applied the Moore factors to the facts of this case. We therefore cannot conclude that the district court abused its discretion in denying Willis' motion to withdraw his guilty plea.

As to Willis' second argument, although Willis attempted to withdraw his guilty plea, he did not assert in the district court any issue related to the court's involvement in plea negotiations; we therefore review the district court's participation in the process for plain error only. United States v. Davila, 133 S. Ct. 2139, 2150 (2013).

"To prevail on a claim of plain error, [an appellant] must demonstrate not only that the district court plainly erred, but also that this error affected his substantial rights." United States v. Sanya, 774 F.3d 812, 816 (4th Cir. 2014). "In the Rule 11 context, [appellant] must demonstrate a reasonable

3

probability that, but for the error, he would not have pleaded guilty." Id. (internal quotation marks omitted). Even if a plain error occurred, we will not correct the error unless it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id.

We conclude that Willis has failed to establish plain error in the district court's statement during the plea hearing. First, the court's disputed comment was not coercive. It was made well into the plea hearing, after Willis stated that he wished to plead guilty and had admitted to the factual basis set forth by the Government, while the court was considering whether it could accept Willis' guilty plea. After Willis hesitated in admitting his guilt, the court emphasized that "the facts that have been recited" by the Government and agreed to by Willis "do constitute the crimes" charged. The court was not stating that Willis was in fact guilty, but was merely informing Willis that the facts he had admitted were sufficient to establish guilt for the crimes charged.

The court's comment "occurred during the district judge's attempts to ensure that [Willis] was knowingly and voluntarily entering into the agreement, which the judge, of course, was required to do," militating against a finding of coercion. United States v. Cannady, 283 F.3d 641, 645-46 (4th Cir. 2002). Furthermore, the court did not suggest that Willis "should plead

4

guilty or otherwise advocate[] a particular course of action." Id. at 645.

The court did not "intimate that a plea" was in Willis' best interests or suggest that Willis would receive a more favorable sentence in exchange for pleading guilty. Sanya, 774 F.3d at 816. Nor did the court comment on the perceived strength of the Government's case or state that it believed the Government would actually be able to prove at trial the factual basis that it had set forth. Rather, the district court attempted to resolve the inconsistent positions taken by Willis when he agreed with the factual basis provided by the Government, but hesitated to state that he was guilty of the crimes charged.

Because the single, isolated comment occurred toward the end of the plea hearing, after Willis had accepted the plea agreement, conceded to a factual basis, and professed his desire to plead guilty, no error occurred. See United States v. Braxton, 784 F.3d 240, 243-44 (4th Cir. 2015) (noting that error occurred because "[t]his is not a case involving a single or even a few brief remarks by the court, or comment made only after a plea agreement already has been reached.").

Accordingly, we affirm Willis' convictions. We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED